**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFFAYETTE DIVISION**

| | |
|---|---|
| **ERIK GIOVANNI MARTINEZ IRAHETA** | **CASE NO. 6:26-CV-1773 SEC P** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **US IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAGISTRATE JUDGE CAROL WHITEHURST** |

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the Court is a petition for writ of habeas corpus filed pro se by Erik Giovanni Martinez Iraheta, ("Petitioner'), pursuant to 28 U.S.C. § 2241. Petitioner is an immigration detainee at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. Petitioner challenges his immigration detention.

Petitioner was born in El Salvador. He entered the United States on or about May 22, 2013. On October 6, 2025, Petitioner was taken into immigration custody. On February 25, 2026, an immigration judge ordered Petitioner removed from the United States. Petitioner did not file an appeal with the Board of Immigration Appeals (Doc. 1, p. 4, Doc.1-2 p. 3).

Petitioner also complains about the conditions of his confinement. (Doc. 1-3, p. 5). He claims he has been treated like an animal. He also claims his stress is overwhelming and his psoriasis has worsened. He claims another inmate attempted to sexually assault him and was threatened and verbally abused.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed without prejudice as premature and his claims regarding his conditions of confinement should be dismissed without prejudice for lack of subject matter jurisdiction.

## LAW AND ANALYSIS

**Detention**

In Zadvydas v. Davis, 533 U.S. 678, 701 (2001), the Supreme Court held that if an alien is detained for six months after a final order of removal and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Id.

Petitioner's claim is premature because when he filed this proceeding, he was not detained more than six months following the date his order of removal became final. Petitioner was ordered removed from the United States on February 25, 2026.

Under 8 U.S.C. § 1101(47)(B), an order of removal "shall become final upon the earlier of--(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." An alien ordered removed has 30 days to appeal that decision to the Board of Immigration Appeals. 8 C.F.R. § 1003.38(b). Petitioner did not seek review of his removal order by the Board of Immigration Appeals. Thus, his order of removal became final 30 days after he was ordered removed, or on March 27, 2026.

Petitioner filed this proceeding on May 27, 2026, less than six months after his order of removal became final on March 27, 2026. The court notes that six months after March 27, 2026, is September 27, 2026. See Chance v. Napolitano, 453 F. App'x 535 (5th Cir. 2011) (per curiam) (concluding that the district court did not err in finding that the "challenge to [petitioner's] continued post removal detention was premature" when the petitioner "had not been in post-removal-order detention longer than the presumptively reasonable six-month period" authorized by Zadvydas); Okpoju v. Ridge, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (finding that a continued detention claim was "premature" because the petitioner "had not yet been in custody longer than the presumptively reasonable six-month post removal order period"), cert. denied, 544 U.S. 1066 (2005).

Accordingly, Petitioner's claim regarding his detention should be dismissed without prejudice as premature. Petitioner may refile his habeas claim should his detention become unconstitutional.

**Conditions of Confinement**

Petitioner raises claims regarding the conditions of his confinement. He complains about his treatment, stress, psoriasis, an attempted sexual assault, threats, and verbal abuse. To the extent Petitioner challenges the conditions of his confinement in this petition, these claims should be dismissed for lack of subject matter jurisdiction. "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. Davis v. Fechtel, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims ... regarding the conditions of confinement." Boyle v. Wilson, 814 F. App'x 881, 882 (5th Cir. 2020); Spencer v. Bragg, 310 F. App'x 678, 679 (5th Cir. 2009).

Accordingly, Petitioner's claims regarding the conditions of confinement are unrelated to the cause of Petitioner's detention and should be dismissed without prejudice for lack of subject matter jurisdiction. Petitioner may raise these claims in a separate civil rights action.

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE** as premature. **IT IS**

**FURTHER RECOMMENDED** that Petitioner's condition of confinement claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**OBJECTIONS**

Under the provisions of 28 U.S.C. 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. Proc. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, at Lafayette, Louisiana, on this the 20th day of July 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE